UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES HOOVER,

    Plaintiff,

v.                                    Case No.:   2:23-cv-1124-SPC-NPM

MILLER and CARDENAS,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff James Hoover's Complaint (Doc. 1). Hoover is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). United States Magistrate Judge Nicholas Mizell granted Hoover leave to proceed *in forma pauperis*, so the Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass,* 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party

is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Hoover alleges he declared a psychological emergency on March 20, 2023, and was moved to the FCCC's Peace Dorm, which is designated for suicidal residents. While Hoover was in a Peace Dorm cell, Defendants "failed to adequately and consistently provide water for Plaintiff." (Doc. 1 at 3). To remedy the issue, Defendants arranged to move Hoover to a different dormitory. Hoover did not want to leave Peace Dorm because he was still suicidal. He alleges Defendants used excessive force to remove him from Peace Dorm, which caused him unspecified injuries.

Hoover's Complaint does not include enough detail to state a claim. His allegation about a lack of water relates to the conditions of his confinement. Courts apply a two-part analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an

2

unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up). Under the subjective component, the detainee must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted).

Hoover's claim that Defendants did not provide him enough water does not satisfy the objective component because it does not demonstrate extreme conditions that created an unreasonable risk of harm. Hoover must plead more detail—for example, the length of time Hoover was in Peace Dorm and the amount of water Defendants gave him. Nor does Hoover satisfy the subjective component. He does not allege any facts suggesting Defendants were aware of any risk to his health or safety relating to a lack of water.

Hoover's excessive-force claim is also insufficient. The core judicial inquiry in an excessive-force claim is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). A detainee asserting an excessive force claim must establish two elements: "the official must have both 'acted

3

with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). A claim satisfies the subjective element if the excessive force was "sadistically and maliciously applied for the very purpose of causing harm." *Id.* The objective component "focuses on whether the official's actions were harmful enough or sufficiently serious to violate the constitution." *Id.* (cleaned up).

Hoover does not satisfy the objective element because he does not describe the force Defendants applied or any injuries he suffered as a result. Nor does he allege any facts suggesting Defendants had a culpable state of mind. Rather, the allegations suggest Defendants attempted to move Hoover to address his complaints about access to water and only used force when Hoover resisted. To proceed on this claim, Hoover must plead in more detail.

Accordingly, it is now

**ORDERED:**

Plaintiff James Hoover's Complaint (Doc. 1) is **DISMISSED without prejudice**. Hoover may file an amended complaint by **March 7, 2023**. **Otherwise, the Court will dismiss this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record