UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES HOOVER,

    Plaintiff,

v.                                                    Case No.:  2:23-cv-1124-SPC-NPM

MASCOLO MILLER and DAKOTA
CARDENAS,

    Defendants.

_____/

## OPINION AND ORDER

Before the Court is Non-Party Jamaal Ali Bilal's Motion to Determine Competency of Plaintiff.  (Doc. 48).  This action concerned the conditions of Plaintiff's confinement at the Florida Civil Commitment Center (FCCC).  Plaintiff proceeded without a lawyer.  On March 10, 2026, the Court granted summary judgment in favor of Defendants and dismissed the case with prejudice.  (Docs. 46, 47).  Bilal—a former FCCC resident—now seeks to be appointed as Plaintiff's "next friend" so that he can "take over litigation" of this case.  (Doc. 48 at 1, 5).

The request is denied.  Parties in federal court typically must "plead and conduct their own cases personally or by counsel."  28 U.S.C.A. § 1654.  But the Federal Rules of Civil Procedure provide that an incompetent person who does not have a duly appointed representative may sue by a "next friend."  Fed. R.

Civ. P. 17(c)(2). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). To qualify for "next friend" standing, the would-be next friend must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. In addition, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (citation omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status." *Id.* at 164.

Bilal fails to show that he has standing to litigate on behalf of Plaintiff. He claims Plaintiff is "wholly incompetent" but cites no evidence to support that conclusory assertion. (Doc. 48 at 1). Bilal's say-so is insufficient to establish that Plaintiff "cannot appear on his own behalf to prosecute the action." *Whitmore*, 495 U.S. at 163; *see also Atkins v. Unnamed Respondents*, No. 2:22-cv-231-SCJ-JCF, 2023 WL 11915617, at *2 (N.D. Ga. Apr. 12, 2023) (non-party not entitled to next-friend status because his "unsupported and conclusory assertions that [plaintiff] is mentally deficient or disabled fall far short of the showing required by precedent"), *adopted by* 2023 WL 11915602 (N.D. Ga. May 5, 2023).

Bilal also fails to show that he is "truly dedicated to [Plaintiff's] best interests." *Whitmore*, 495 U.S. at 163.  He says he "has known [Plaintiff] for more than fifteen years." (Doc. 48 at 2).  But that is not enough to establish a "significant relationship" with Plaintiff.   *Whitmore*, 495 U.S. at 164; *cf. Sanchez-Velasco v. Sec'y of Dep't of Corr.*, 287 F.3d 1015, 1026-27 (11th Cir. 2002) ("We have also indicated that 'some significant relationship' exists and the second *Whitmore* prong is satisfied where a close relative acts as next friend." (collecting cases)).  Nor does Bilal point to any "other evidence" that he has Plaintiff's best interests in mind. *Lonchar v. Zant*, 978 F.2d 637, 641 (11th Cir. 1992).

Accordingly, it is

**ORDERED:**

Bilal's Motion to Determine Competency of Plaintiff (Doc. 48) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:  TpaP-2
Copies:  All Parties of Record
        Jamaal Ali Bilal

3